**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**ROSEMARIE DIVETRO,**

                      **Plaintiff,**

                  **v.**

**COMMISSIONER OF SOCIAL SECURITY,**

                      **Defendant.**

**No. 5:05-CV-830 (GLS/DEP)**

_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Legal Services of Central New York<br>472 South Salina Street<br>Suite 300<br>Syracuse, NY 13202 | CHRISTOPHER CADIN, ESQ. |
| **FOR THE DEFENDANT:** | |
| Hon. Glenn T. Suddaby<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261-7198 | WILLIAM H. PEASE<br>Assistant United States Attorney |
| Social Security Administration<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza - Room 3904<br>New York, NY 10278 | KIMBERLY L. SCHIRO<br>Assistant Regional Counsel |

**Gary L. Sharpe**
**U.S. District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Pursuant to 42 U.S.C. § 405(g), Rosemarie DiVetro ("DiVetro") challenges the denial of disability benefits by the Commissioner of Social Security. Pending is the Commissioner's objection to Magistrate Judge David E. Peebles' Report-Recommendation. (See Dkt. No. 23.) Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.[1]

## II. Procedural History

DiVetro filed for disability benefits in or about early 2004, alleging disability as of December 31, 2000. Her application was denied, and a hearing was conducted by an Administrative Law Judge ("ALJ"). On March 25, 2005, the ALJ issued a decision denying benefits, and that decision became the Commissioner's final determination.

DiVetro filed a complaint in the Northern District of New York

---

[1] The Clerk is directed to append Judge Peebles' Report-Recommendation to this decision, and familiarity is presumed. (See Dkt. No. 22.)

challenging the Commissioner's denial of benefits.  (See Dkt. No. 1.)  On June 13, 2008, Magistrate Judge David E. Peebles issued a report recommending that the Commissioner's finding of disability be vacated and the case be remanded for further consideration.  (See Dkt. No. 22.)  On June 19th the Commissioner filed his objections.  (See Dkt. No. 23.)

### III.  Standard of Review

By statute and rule, district courts are authorized to refer social security petitions to Magistrate Judges for proposed findings and recommendations regarding disposition.  *See* 28 U.S.C. § 636(b)(1)(A) & (B); N.D.N.Y. R. 40.1, 72.3(d); General Order #18.

When a report and recommendation is filed, the parties have ten (10) days from receipt of the report to file specific, written objections to proposed findings and recommendations, and ten (10) days from the receipt of adversary objections to file responses.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c).  The local rules further require that the objections must specify the findings and recommendations which are the subject of the objections, and the substantive basis for these objections.  *See* N.D.N.Y. R. 72.1(c).

The district court must review *de novo* those portions of the

3

Magistrate Judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c). "*De novo* review requires that the court give fresh consideration to those issues to which specific objections have been made. It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions." *See Almonte v. New York State Div. of Parole*, No. 04-CV-484, 2006 WL 149049, at *5 (N.D.N.Y. Jan. 18, 2006) (citation and internal quotation marks omitted).

If a party fails to object in a timely manner, it procedurally defaults and is not entitled to judicial review. *See id.* at *3 . Although failure to object or timely object constitutes procedural default, lack of specificity also gives rise to default. *See id.* at *4. The local rule requires that objections address specific findings and conclusions. *See id.* Therefore, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder. *See id.* Frivolous or conclusory objections also fail to satisfy the specificity requirement. *See id.* Furthermore, mere resubmission of the same papers and arguments as submitted to the magistrate judge fails to comply with

4

the specificity requirement and also results in default. *See id.*

While a procedural default dissolves a party's right to judicial review, courts may nevertheless elect to conduct such a review. *Id.* at *5. This court has consistently done so under "a 'clearly erroneous' standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Id.* at *6. "Furthermore, the court will routinely identify issues which have been procedurally defaulted, and articulate the standard of review applied to all issues." *Id.*

## IV. Discussion[2]

The Commissioner objects to Judge Peebles' Report-Recommendation solely insofar as it concluded remand was appropriate due to the absence of record support for the ALJ's finding that DiVetro can sit for an eight hour workday. The Commissioner contends that even if such finding was unsupported, the error was harmless because the ultimate RFC conclusion that DiVetro can engage in light and sedentary work would require her to sit for only 2 to 6 hours in a workday. See *SSR*

---

[2]The court adopts the factual summary in Judge Peebles' Report-Recommendation. (See Dkt. No. 22.)

5

*83-10; SSR 96-9p.* This objection is reviewed under a *de novo* standard, while the remainder of the Report-Recommendation is reviewed for clear error.

A claimant's RFC is determined by considering all relevant evidence, including objective medical evidence and the claimant's subjective complaints of pain. *See* 20 C.F.R. §§ 404.1545 and 416.945. On the basis of this evidence, the ALJ "identif[ies] the individual's functional limitations and assess[es] his or her work-related abilities[, including the ability to sit,] on a function-by-function basis." *Social Security Ruling ("SSR") 96-8p, Assessing Residual Functional Capacity in Initial Claims*, 1996 WL 374184, at *1 (S.S.A 1996); *see also* 20 C.F.R. §§ 404.1545(b) and 416.945(b). Each finding as to the plaintiff's functional abilities must be supported by substantial evidence because "conclusory statements regarding plaintiff's capacities are not sufficient." *Verginio v. Apfel*, No. 97-CV-456, 1998 WL 743706, at *3 (N.D.N.Y. Oct. 23, 1998). Only after the ALJ has described the plaintiff's capabilities on a function-by-function basis supported by substantial evidence, "may RFC [then] be expressed in terms of the exertional levels of work, sedentary, light medium, heavy, and very heavy." *SSR 96-8p*, 1996 WL 374184, at *1; *see also McEaney v. Comm'r of Soc.*

6

*Sec.*, 536 F. Supp. 2d 252, 258 (N.D.N.Y. 2008).

In the present instance, it is clear that the ALJ misapplied the above legal standards when he found that DiVetro retained the functional ability to sit for 8 hours, as substantial evidence does not support this finding. Indeed, the record is simply devoid of any assessment which would indicate that DiVetro was able to sit for an entire work day. Without a proper functional analysis as to DiVetro's ability to sit, the ALJ had no basis to find that she had the capacity to perform light or sedentary work. S*ee McEaney*, 536 F. Supp. 2d at 258 ("only after [a proper functional analysis] may RFC be expressed in terms of the exertional levels of work"); *SSR 96-8p*, 1996 WL 374184, at *1. Thus, it is clear that the ALJ's RFC formulation was improper.

The court further notes that the ALJ's errors here are not mooted by the possible existence of substantial evidence indicating that DiVetro can sit for a time period generally sufficient to perform light or sedentary work. "Where there is a reasonable basis for doubting whether the Commissioner applied the proper legal standard, even if the ultimate decision may be arguably supported by substantial evidence, the Commissioner's decision may not be affirmed." *See Barnett v. Apfel*, 13 F. Supp. 2d 312, 314

7

(N.D.N.Y. 1998) (*citing Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)). Accordingly, the ALJ's misapplication of the appropriate legal standards here, resulting in an improper RFC finding, mandates remand. Upon such remand, the ALJ should re-examine DiVetro's functional capacity to sit on the basis of the record evidence and develop her RFC accordingly.

## V.  Conclusion

Having addressed the Commissioner's specific objection de novo, and otherwise finding no clear error in the proceedings below, the court accepts and adopts Judge Peebles' Report-Recommendation in its entirety, for the reasons stated therein and above.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's motion for judgment on the pleadings is **GRANTED**; and it is further

**ORDERED** that the Commissioner's decision is **VACATED** and the case **REMANDED** for further proceedings consistent with this opinion; and it is further

**ORDERED** that the Clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

August 21, 2008
Albany, New York

Gary L. Sharpe
U.S. District Judge